IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| TINIKA S. WARREN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 1:13CV1144 |
|  | ) |  |
| SUSAN E. BRAY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on a motion to dismiss by Defendant Susan E. Bray ("Judge Bray") (*See* Docket Entry 9.) *Pro se* Plaintiff Tinika Warren has responded to the motion. (*See* Docket Entry 12.) For the reasons that follow, the undersigned will recommend that Defendant's motion be granted, and that this action should be dismissed against Judge Bray for insufficient service of process, lack of personal jurisdiction, lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, the Eleventh Amendment, absolute judicial immunity, and for failure to state a claim upon which relief can be granted.

## I. PROCEDURAL BACKGROUND

On December 23, 2013, Plaintiff filed her complaint in this court against Judge Bray alleging violations of her civil rights pursuant to various federal statutes, seeking damages in the amount of $2,000,000 and asking for Judge Bray's "judicial license" to be suspended. (*See* Docket Entry 1.) Defendant is the Honorable Susan E. Bray, District Court Judge,

Eighteenth Judicial District, State of North Carolina.[1]  (*See* Docket Entry 9).  On January 8, 2014, Plaintiff caused a summons to be issued to Judge Bray directing process to be served at Judge Bray's office in the Guilford County Courthouse located at 201 S. Eugene Street, Greensboro, N.C. 27401.  (*See* Docket Entry 5.)  On January 23, 2014, a United States Marshal served process on Judge Bray by delivering a copy of the summons and complaint to her personally at her office at the Guilford County Courthouse.  (*See* Docket Entry 7.)

## II. FACTUAL BACKGROUND

According to the complaint and attachments thereto, this action arises from state district court proceedings involving Plaintiff, specifically child support and custody proceedings, and a domestic violence protective order proceeding, or "50B" proceeding, over which Judge Bray was the presiding district court judge.  (*See* Docket Entry 2 and 3.) Plaintiff makes the following allegations against Judge Bray arising out of these state court proceedings: 1) violation of Plaintiff's parental rights without cause and jurisdiction; 2) alienation; 3) violation of her rights to due process; 4) judicial misconduct; and 5) defamation, or libel *per se*.  (*See* Docket Entry 2.)

Although Plaintiff has named Letitia McGeough and Gary R. Scales as Defendants, only summonses have been issued as to them, and thus they have not been served and for the purposes of this motion to dismiss, they are not relevant parties.  (*See* Docket Entry 16.)

---

[1] Judge Bray is represented by Roy Cooper, North Carolina Attorney General, and Kathryn H. Shields, Assistant Attorney General.

## III. DISCUSSION

### A. Applicable Law

Defendants argue that dismissal is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6) as well as the *Rooker-Feldman* doctrine, the Eleventh Amendment, and absolute judicial immunity. A motion to dismiss pursuant to Rule 12(b)(1) tests on lack of subject-matter jurisdiction, Rule 12(b)(2) tests on lack of personal jurisdiction, Rule 12(b)(5) tests on insufficient service of process, and Rule 12(b)(6) tests on failure to state a claim upon which relief can be granted. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999).

#### 1. Rooker-Feldman

The *Rooker-Feldman* doctrine applies where a federal litigant seeks to review or overturn a state court order in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). In order to grant relief to Plaintiff, this Court would have to find that the state courts were in error in rendering their orders. "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Phyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202-03 (4th Cir. 1997).

*Rooker-Feldman* "bars lower federal courts from considering not only issues raised and

decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005). An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks and citation omitted); *see also Davani v. Va. Dep't. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("A claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court – asks the federal district court to conduct an appellate review of the state-court decision.")

The *Rooker-Feldman* doctrine is a "narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). In *Exxon*, the Supreme Court limited the doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Court reiterated this holding in *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011). The relief sought in federal court must do more than upset the state court order; it must "reverse or modify the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Exxon*, 544 U.S. at 284). Accordingly, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging

the state-court decision, the *Rooker-Feldman* doctrine does not apply." *Davani*, 434 F.3d at 718 (footnote omitted).

*2. Judicial Immunity*

The Fourth Circuit has declared the law to be settled for centuries that a judge may not be attacked for exercising judicial authority. *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976). So strong, in fact, is the doctrine of judicial immunity, it survives even when the exercise of judicial authority is done improperly. *Id.* The doctrine was first enunciated by the Supreme Court in *Bradley v. Fisher*, 80 U.S. 335, 354 (1871). The Court recognized judicial immunity to be "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 347. Accordingly, the Court held that judges are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. *Id.* at 352. Judicial immunity, like other forms of official immunity, is immunity from suit, not just from an ultimate assessment of damages. Accordingly, it is not overcome by allegations of bad faith or malice, which ordinarily cannot be resolved without engaging in discovery and trial. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

*3. Eleventh Amendment*

The Eleventh Amendment of the United States Constitution provides, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States." U.S. CONST. AMEND. XI. As such, it has long

5

been settled that the Eleventh Amendment bars suits brought in federal district court against a state by its own citizens as well as those by citizens of other states. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 240 (1985). This immunity extends to "arms[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity, *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). A suit against a state official sued in his or her official capacity is not a suit against the individual official but is a suit against the official's office. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see Brandon v. Holt*, 473 U.S. 464, 471 (1985). The Eleventh Amendment also forbids actions against state officials for retroactive monetary relief. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

  *4. Rule 12(b)(6)*

In considering a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assess the legal sufficiency of the allegations in the plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). However, while the court "must take the facts in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a

factual allegation"). "[A] Rule 12(b)(6) motion should only be granted if, after accepting well-pleaded allegations in the complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

Where, as here, the plaintiff is proceeding *pro se*, the courts are required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89, 94 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Although the court must liberally construe a *pro se* complaint, the Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must allege more than mere conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff does not have to allege "detailed factual allegations" but the pleading standard set forth in Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And a complaint must contain sufficient factual allegations, accepted as true, which state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).

**B. Analysis**

*1. Rule 12(b)(5)*

Defendant argues that this action should be dismissed under Rule 12(b)(5) because Plaintiff failed to bring Judge Bray within the jurisdiction of the court. Under the Federal Rules of Civil Procedure, Plaintiff is responsible for furnishing a copy of the summons and complaint to the person making service. Fed. R. Civ. P. 4(c)(1). In order to serve an officer of the State, process must be served by either delivering a copy of the summons and complaint to the State's chief executive officer or by complying with the state rules for service upon an officer of the State. Fed. R. Civ. P. 4(j)(2). *See also* N.C. GEN. STAT. § 1A-1, Rule 4(j)(4). State law requires that service be made upon an officer of the State by delivery of process to their designated agent or, absent designation of an agent, delivery of process to the North Carolina Attorney General, or to a special deputy or assistant attorney general. N.C. GEN. STAT. § 1A-1, Rule 4(j)(4). Judge Bray, in her capacity as a district court judge, is a state judicial official of the District Court Division of North Carolina's General Court of Justice.

Plaintiff here failed to bring Judge Bray within the jurisdiction of the court. Plaintiff did not deliver process to the North Carolina Attorney General, or to a special deputy or

assistant attorney as required under the law; instead she incorrectly delivered a copy of the summons and complaint to Judge Bray personally at her office at the Guilford County Courthouse. Therefore, Plaintiff's attempted service on Judge Bray is clearly insufficient and is subject to dismissal.

*2. Rule 12(b)(1)-Rooker-Feldman Doctrine*

While Plaintiff does not specifically request the overturn of any state court orders, she complains of judicial actions Judge Bray performed in entering orders concerning child custody and support actions concerning her minor son and domestic violence protective orders to which she was a party, claiming the orders are "illegal" and entered in error. (*See* Docket Entry 12.) If Plaintiff is seeking to overturn orders entered by Judge Bray in these state court proceedings, this Court is without jurisdiction to provide such relief. Plaintiff's recourse was to appeal through North Carolina's appellate courts, and, ultimately, the United States Supreme Court. This complaint should, therefore, be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter of the Complaint.

*3. Judicial Immunity*

Plaintiff is asserting claims against Judge Bray in her official capacity and those claims are barred by absolute judicial immunity. The plaintiff's allegations against Judge Bray concern judicial actions she performed while presiding over matters properly before the district court division in her official capacity. In North Carolina, the district court division of the General Court of Justice has original jurisdiction over actions instituted pursuant to Chapter 50B of the North Carolina General Statutes which includes actions relating to

domestic violence protective orders. N.C. GEN. STAT. § 50B-2 (2013). Likewise, the district court division of the General Court of Justice has original, exclusive, and continuing jurisdiction over child custody and support actions instituted pursuant to Chapters 50A and 52C of the North Carolina General Statutes. N.C. GEN. STAT. § 7A-244; N.C. GEN. STAT. § 52C-1-102 (2013). Thus, despite Plaintiff's contentions to the contrary, in presiding over these matters and entering orders, Judge Bray properly exercised jurisdiction over matters vested by law in the district court division. As such, Plaintiff's allegations fail to breach the absolute judicial immunity from suit enjoyed by Judge Bray, and Plaintiff's claims are barred by absolute judicial immunity.

*4. Eleventh Amendment*

At all times relevant to this complaint, Judge Bray was a District Court Judge in North Carolina's Eighteenth Judicial District, and as such, she is a state judicial official of the District Court Division of North Carolina's General Court of Justice. N.C. CONST. ART. IV, §§ 2, 10; N.C. GEN. STAT. §§ 7A-4, -130 (2012). By filing a lawsuit against Judge Bray in her official capacity, the plaintiff is in fact filing a lawsuit against the State of North Carolina. Accordingly, Plaintiff's claims for monetary damages are barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Likewise, Plaintiff's claims against Judge Bray brought pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1981 and § 1985 are also barred by the Eleventh Amendment. The State of North Carolina would have to pay "a final judgment awarded in a court of competent jurisdiction against a State employee." N.C. GEN. STAT. § 143-300.6. Thus, North Carolina's treasury would be affected by Plaintiff's claims for monetary relief against

Judge Bray. These claims, therefore, are also barred by the Eleventh Amendment. *See In re Sec'y of Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1145 (4th Cir. 1993); *Biers v. Cline*, No. 1:12CV375, 2013 WL 3866251, at *3 (M.D.N.C. July 25, 2013).

*5. Rule 12(b)(6)*

Here, even if Plaintiff's claims were not otherwise barred, she has failed to comply with the pleading requirements of Rule 8 and her claims must be dismissed. Plaintiff does not provide the court with any facts to support her list of conclusory allegations against Judge Bray. "While a conclusory allegation can provide the framework for a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. So, even after construing the complaint liberally and reading it in the light most favorable to the Plaintiff, Plaintiff has failed to state a claim for relief which is plausible on its face. This Court also does not have the power to grant Plaintiff's requested relief that Judge Bray's "judicial license" be suspended or revoked. *See* N.C. GEN. STAT. § 7A-374.1 (2013). For the foregoing reasons, Plaintiff's complaint against Judge Bray should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For all these reasons, **IT IS RECOMMENDED** that the court **GRANT** Defendant Judge Bray's motion to dismiss. (Docket Entry 9.)

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 10, 2014