**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| TINIKA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>LETITIA McGEOUGH, and<br>GARY SCALES<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:13CV1144 |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant Letitia McGeough's motion to dismiss the complaint. (Docket Entry 24.) The motion has been fully briefed and the matter is ripe for disposition. For the reasons that follow, the undersigned recommends that Defendant's motion be granted, and that this action be dismissed for insufficient service of process, lack of personal jurisdiction, lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, and for failure to state a claim upon which relief can be granted. Additionally, because Defendant Gary Scales has never been properly served, it is recommended that the action be dismissed as to him based on Plaintiff's failure to prosecute.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2013, Plaintiff Tinika Warren filed her complaint in this Court against Letitia McGeough, Gary Scales, and Judge Susan Bray, alleging violations of her civil rights pursuant to various federal statutes, seeking damages in the amount of $2,000,000.

(*See* Compl., Docket Entry 2.) The complaint has already been dismissed as to Judge Bray. (*See* Judgment, Docket Entry 31.)

According to the complaint and attachments thereto, this action arises from state district court proceedings involving Plaintiff, specifically child support and custody proceedings, and a domestic violence protective order proceeding, or "50B" proceeding. It appears undisputed that Defendant McGeough, an attorney at Legal Aid of North Carolina, represented Defendant Scales' and Plaintiff's minor son in the state court proceedings. (*See* Def.'s Mem. at 2, Docket Entry 25.)

Plaintiff alleges that Defendant[s]:

> 1) Took my parental rights without cause and outside my jurisdiction.
> 2) Knowingly heard the cause after I made the courts aware that they did not have jurisdiction and after I told her I have all "Legal Power over my child", [minor child's name].
> 3) I was alienated from child.
> 4) Child was alienated from me [and] his sister.
> 5) [Minor child's name] was held outside the DeKalb, County Georgia jurisdiction against my parental rights and human rights [and] civil rights.
> 6) Due process wasn't handled [sic][.]
> 7) Wrote false statement on court documents that is [sic] harmful to my character.

(Compl., Docket Entry 2 at 2.) These allegations, for the most part, appear to be directed at Judge Bray, who has already been dismissed from this action; there are no specific allegations in the complaint referring to Defendant McGeough. (*See* Docket Entry 2 at 1-4.)

Plaintiff filed several documents as attachments to the complaint, including: the Memorandum and Recommendation of U.S. Magistrate Judge William Webb transferring the action from the Eastern District of North Carolina to the Middle District (Docket Entry

2-1 at 1-4); a series of letters from Plaintiff to the N.C. State Bar, "District Attorney Robert James," Judge Wendy Enoch, and other unidentified recipients in which Plaintiff complains about the earlier state court proceedings involving Plaintiff's minor son (Docket Entry 2-1 at 5-14); a copy of a Georgia statute relating to the process for legitimizing a parent-child relationship under Georgia law (Docket Entry 2-2); and a document titled "Reasons for MOTION FEDERAL CIVIL MOTION" which also references the earlier North Carolina state court proceedings involving Plaintiff's minor son. (Docket Entry 2-3.)

## II. DISCUSSION

Defendant McGeough[1] moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). (Docket Entry 24.)

### A. Plaintiff Failed to Effectuate Proper Service of Defendant

Defendant first argues that the complaint must be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), insufficient process under Fed. R. Civ. P. 12(b)(4), and insufficient service of process under Fed. R. Civ. P 12(b)(5). (Def.'s Mem. at 7, Docket Entry 25.) The undersigned agrees. "A motion under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (internal citations omitted); *see also Moore v. Supervisor of Albemarle Corr. Med. Svcs.*, No. 1:12CV1160, 2014 WL 4160028, at *3 (M.D.N.C. Aug. 19, 2014) (same). The Court may properly consider affidavits or declarations submitted in support of a Rule

[1] Unless otherwise noted, when using the term "Defendant" in this recommendation, the Court is referring to Defendant McGeough.

12(b)(5) motion without converting the motion to one for summary judgment. *Moore*, 2014 WL 4160028 at *3. Where a plaintiff does not effectuate "valid service of process, the district court [is] without jurisdiction of the defendant . . . ." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

The Federal Rules of Civil Procedure require that any summons be "directed to the defendant," Fed. R. Civ. P. 4(a)(1)(B), and service may be effected under state law (Rule 4(e)(1)) or by delivering the summons "to the person individually," leaving a copy at the person's home, or delivering a copy to "an authorized agent." Fed. R. Civ. P. 4(e)(2). Service of process on an individual under state law in North Carolina is governed by North Carolina Rule of Civil Procedure 4. N.C. GEN. STAT. § 1A-1, Rule 4(j)(1). N.C. R. Civ. P. 4 provides that service can be accomplished by delivering a copy of the summons and complaint: to the person; to the person's dwelling or usual place of abode; to an authorized agent; or by mail, addressed to the party to be served. *Id.* North Carolina does not allow for service on an employee's supervisor to constitute proper service in the absence of that supervisor being an authorized agent. *See id.*

Additionally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Pro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (unpublished) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).

Here, Plaintiff addressed the summons to "Representative Director For Letitia McGeough, Janet McCally Blue." (Summons, Docket Entry 16.) According to Defendant, Ms. Blue is Defendant's supervisor at Legal Aid of North Carolina. (Def.'s Decl. at 1, Docket Entry 26.) Ms. Blue has never been authorized to accept service of process on behalf of Defendant. (*See id.*) The record does not indicate any further attempts by Plaintiff to re-serve Defendant.

Plaintiff has not carried her burden of showing that service was proper under Rule 4 in that she delivered a copy of the summons and complaint to Defendant personally, left a copy at her dwelling place, or delivered a copy to an authorized agent. Moreover, under North Carolina state law, which is incorporated by the federal Rule 4, Plaintiff has not shown that she mailed a copy of the summons and complaint to Defendant at her residence or place of employment and that it was delivered to Defendant. Service on Defendant's supervisor does not constitute effective service of Defendant.[2] Therefore, Plaintiff's attempted service on Defendant is insufficient.

[2] *See Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003) ("Service of process cannot be effected upon [a person] by serving at his place of employment individuals who are not authorized to accept service of process."); *see, e.g.*, *Perez Lopez v. Mangome*, 117 F.R.D. 327, 328 (D.P.R.1987) (service on

Additionally, the complaint in this action was filed on December 23, 2013. (Docket Entry 2.) On May 1, 2014, the Deputy Clerk of this Court notified Plaintiff she had 14 days to serve Defendants McGeough and Scales. (Notice of Failure to Make Service Within 120 Days, Docket Entry 15.) Plaintiff did not attempt to complete service until 26 days later, on May 27, 2014, 155 days after the complaint was filed. (*See* Summons, Docket Entry 16.) Thus, Plaintiff clearly failed to effectuate proper service over Defendant in the time allotted by Federal Rule of Civil Procedure 4(m).

As noted by the Fourth Circuit, when clearly insufficient service has been brought to the Court's attention, "the rules . . . may not be ignored." *Armco, Inc.*, 733 F.2d at 1089 (4th Cir. 1984); *see also Fulton v. Mickle*, 134 N.C. App. 620, 624, 518 S.E.2d 518, 521 (holding that strict compliance with statutory service requirements is necessary, nothwithstanding any actual notice of the proceedings). However, "dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." *McCreary v. Vaughan-Bassett Furniture Co.*, 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963)). The Court has discretion to dismiss the action or to quash service and allow more time for service of process. *Thomas v. Nelms*, No. 1:09CV491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013); *see McCreary*, 412 F. Supp. 2d at 537.

administrative assistant in legal department of police headquarters, who was not appointed agent of policemen, did not constitute effective service); *Calder v. Stanly County Bd. of Educ.*, No. 1:00CV01249, 2002 WL 31370364, at *3 (M.D.N.C. Sept. 26, 2002) (delivery of envelope containing summons and complaint to defendant's secretary who was not authorized to accept service failed to satisfy technical requirements); *Tart v. Hudgins*, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (delivery of copy of summons and complaint to defendant's wife at his place of business failed to meet the requirements of service of process); *Hall v. Lassiter*, 260 S.E.2d 155, 157 (1979) (delivery of summons and complaint to relative at defendants' place of business did not comply with the rules governing service of process).

The Court finds good cause does not exist to allow more time for Plaintiff to attempt proper service, in view of the time that has elapsed since the filing of the complaint and the other defects in the complaint. In the absence of proper service, the Court does not have personal jurisdiction over either defendant, and dismissal is appropriate. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).[3]

**B. This Court Lacks Subject Matter Jurisdiction to Adjudicate this Matter**

Out of an abundance of caution, the undersigned will address the remainder of Defendant's arguments. Defendant next asserts that the Court lacks subject matter jurisdiction over Plaintiff's claims by virtue of what has become known as the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). (Def.'s Mem. at 10–11, Docket Entry 25.)

Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredricksburg & Potomoc* R.R. *Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant a Rule

[3] Plaintiff has never effectuated service on Defendant Gary Scales. Plaintiff attempted proper service through the United States Marshal's Office, but the summons was returned unexecuted. (Docket Entry 18.) The record does not indicate any further attempt by Plaintiff to effectuate proper service on Defendant Scales.

12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*; *see, e.g.*, *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

The *Rooker-Feldman* doctrine applies where a federal litigant seeks to review or overturn a state court order in federal district court. *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 281 (2005). "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. *Jordhal v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (citing *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). The doctrine bars federal courts from addressing issues that are "'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks and citations omitted).

The *Rooker-Feldman* doctrine is a "narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). In *Exxon*, the Supreme Court limited the doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The relief sought in federal court must "reverse or modify the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (internal quotation marks omitted). Accordingly, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply." *Davani v. Va. Dep't. of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted).

In the present case, while it is difficult to discern the exact nature of Plaintiff's claims against Defendant, it appears that they are based on an alleged conspiracy among Judge Bray, who presided in the state court proceeding, Gary Scales, and Defendant McGeough, who represented Mr. Scales, to terminate Plaintiff's parental rights. In one of the attachments to the complaint, Plaintiff appears to take issue with the finding of the state court to remove her child from her home, and states that she "want[s] all parties sued for kidnapping and participating in the abduction of my son alienating him from me & my daughter." (Docket Entry 2-3 at 2.) In another attachment, she asserts that "[t]he father must apply for custody in our home state[4] that has personal jurisdiction over the two of us [Plaintiff's minor child] and Tinika Warren." (Docket Entry 2-4 at 1.) Plaintiff clearly "seeks redress for an injury caused by [a] state-court decision." *See Davani*, 434 F.3d at 719. Moreover, Plaintiff specifically seeks to recover damages from Defendants resulting from the termination of

[4] Plaintiff is a resident of Georgia.

parental rights by the state court. (Compl. at 2-4, Docket Entry 2.) Plaintiff argues that "[t]his is not a case where I am asking the Federal Court to overturn a State court[ ] matter; it is a case that I want civil justice for malice and fraud that was conducted during the case." (Pl.'s Resp. at 2, Docket Entry 29.) However, such relief is "inextricably intertwined" with the state court decision, in that it would require this Court to reconsider prior state court decisions to determine whether they were properly decided. *See Dye v. Hatfield*, No. Civ.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. Aug. 26, 2004). As in *Dye*, a ruling in favor of Plaintiff "would necessarily require this court to find that the North Carolina state courts either wrongfully decided certain issues before them or improperly entered orders and judgments against Plaintiff [ ] in civil . . . matters related to Plaintiff's domestic dispute." *Id.* "Furthermore, federal courts typically avoid decisions in matters related to divorce, child support and child custody because these matters traditionally fall within the jurisdiction of state courts." *Id.*

Because Plaintiff's claims are inextricably intertwined with the decision of the North Carolina state court related to Plaintiff's domestic dispute with Defendant Scales, this court lacks subject matter jurisdiction of Plaintiff's federal claims under the *Rooker-Feldman* doctrine.

**C. The Complaint Fails to State a Claim on Which Relief Can Be Granted.**

Finally, Defendant argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mem. 11–15 at Docket Entry 25.) A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint is required to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see, e.g.*, *Simmons v. United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted).

The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal citations and quotation marks omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible she is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Where, as here, the plaintiff is proceeding *pro se*, the courts are required to liberally construe plaintiff's documents, *Erikson v. Pardus*, 551 U.S. 89, 94 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106

(1976); *see, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The mandated liberal construction afforded to *pro se* pleadings means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so," but a district court may not rewrite a complaint to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (internal quotation marks omitted). Nor can the court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, if Plaintiff's claims were not otherwise barred, she has failed to comply with the pleading requirements of Rule 8 and her claims must be dismissed. Even taken in the light most favorable to her, Plaintiff does not provide the Court with any facts to support her conclusory allegations against Defendants in the Complaint. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Plaintiff attempts to allege some facts in her response to Defendant's motion to dismiss. (*See* Pl.'s Resp. at 3–8, Docket Entry 29.) However, when considering a motion to dismiss, a court cannot consider facts alleged in a responsive document; it can only consider the facts alleged in the initial pleadings. *Beck v. City of Durham*, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) (citing *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994)). Therefore,

the Court is limited to reviewing the complaint for purposes of Defendant's motion to dismiss, and will not consider any facts alleged in Plaintiff's responsive pleadings.

Even after construing the complaint liberally and reading it in the light most favorable to Plaintiff, she has failed to state a claim for relief which is plausible on its face. Therefore, the undersigned recommends that Plaintiff's complaint against Defendant be dismissed pursuant to Rule 12(b)(6).

## III. CONCLUSION

For the reasons stated above, the Court finds that it lacks jurisdiction to adjudicate this matter. Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Docket Entry 24) be **GRANTED.** Further, because Defendant Scales has never been properly served, as to him, the Court **RECOMMENDS** dismissal of the action without prejudice pursuant to Fed. R. Civ. P. 4(m).

Joe. L. Webster
United States Magistrate Judge

Durham, North Carolina
April 16, 2015